### UNITED STATES v. DERRICK.
### No. 686.

District Court, M. D. Pennsylvania.
April 15, 1930.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Walter R. Sohn, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

The search warrant in this case is attacked for the reason that it is based upon an alleged sale of beer made by Richard Brown who, when charged before the United States commissioner with the offense, was after hearing discharged.

The affidavit for the search warrant contains the following:

"That the facts tending to establish the grounds of this application, and the probable cause of affiant's believing that such facts exist, are as follows:

"(a) That on or about the 19th day of November, 1929, at about the hour of 9:45 A. M., affiant, in the presence of Agent Hutchins, purchased two glasses of beer @ 20¢ per glass from a man acting in the capacity of bartender, in the barroom of the above mentioned premises, name unknown, weighing about 160 pounds, about 44 years old, about five feet eight inches tall, a negro, shaved head and very small mustache. That a sample was taken of the above mentioned drinks, tested and found to contain over one half of one percent. of alcohol by volume. That the money for the said drinks was placed in the cash register by the said bartender."

The affidavit shows probable cause on its face.

There is no evidence to show that the intoxicating liquor was not sold at the time and place referred to in the affidavit. The burden is not on the government to sustain the search warrant if the affidavit for its issuance shows probable cause on its face, but on the defendant to show lack of probable cause. The defendant has failed to meet this burden.

The rule to show cause why the search warrant should not be quashed and the evidence suppressed is discharged.